IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |  |
|---|---|---|
| ROBERT LEE SMITH, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | H-14-1598 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice-Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Petitioner Robert Lee Smith filed a petition for a writ of habeas corpus. On November 10, 2014, this Court ordered Smith to show why this case should not be dismissed as time-barred. Smith filed his response on January 7, 2015. The Court now concludes that Smith's petition is barred by the statute of limitations and must be dismissed.

### I. Background

The relevant facts are not in dispute. A jury found Smith guilty of aggravated sexual assault of a child. On November 17, 2005, the jury sentenced Smith to 50 years imprisonment. Texas' First Court of Appeals affirmed Smith's convictions on January 11, 2007. The Texas Court of Criminal Appeals ("TCCA") refused Smith's petition for discretionary review on June 6, 2007.

Smith filed an application for state habeas corpus relief on June 7, 2012. The TCCA denied that application without written order on September 18, 2013. *Ex Parte Smith*, Nos. 22,772-03, 22,722-04.

Smith filed this federal petition on June 2, 2014. His petition raises claims that the evidence was insufficient to support his conviction, and that he received ineffective assistance of counsel.

## II. Analysis

### A. The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act ("AEDPA") took effect on April 24, 1996. Under AEDPA, a State prisoner has one year in which to file a federal habeas corpus petition. *Fierro v. Cockrell,* 294 F.3d 674, 679 (5th Cir. 2002).

The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of *certiorari* with the United States Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003). Thus, Smith's limitations period began to run on September 4, 2007, when the time expired for Smith to seek *certiorari* on the TCCA's denial of his petition for discretionary review. The statute of limitations expired on September 4, 2008.

The limitations period is tolled, however, for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). In this case, Smith filed his state habeas corpus application on June 7, 2012. This was long past the expiration of the limitations period on September 4, 2008. Thus, there was no limitations period left for Smith's state application to toll.

In his response to this Court's order, Smith does not disagree with any of the dates recited here. He argues, however, that he communicated with the Innocence Project of Texas from 2006 to 2010. He states that the Innocence Project told him several times that his case was in a back-log for review before finally informing him in 2010 that it would not pursue his case. Smith argues that this demonstrates that he was diligent. It is insufficient for statutory tolling of the statute of limitations which, as discussed above, is tolled only by the pendency of a properly filed state application for post-conviction or collateral relief. While Smith may have been diligently pursuing such relief with the Innocence Project, there was no pending, properly filed, application.

**B.    Equitable Tolling**

The AEDPA statute of limitations is not jurisdictional, and is subject to equitable tolling "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). "Rare and exceptional circumstances" exist when a petitioner is actively misled by the state or prevented in some extraordinary way from asserting his rights. "But, a garden variety claim of excusable neglect by the petitioner does not support equitable tolling." *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (internal quotation marks and citation omitted).

Smith cites no state action that misled him, nor does he identify any way in which he was prevented from asserting his rights. While Smith claims that he "was essentially prevented from filing state or federal habeas petitions as he was pursuing other 'collateral' review", (Doc. # 8, at 2), he identifies nothing that actually prevented him from filing such a petition. The Innocence Project is not a court, and his request for help from the Innocence Project was in no way an obstacle to his filing a timely federal petition. Therefore, Smith fails to identify any basis for equitable tolling, and his petition must be dismissed as time-barred under the AEDPA statute of limitations.

### C. Conclusion

For the foregoing reasons, Smith's petition is dismissed with prejudice.

## III. Certificate of Appealability

Smith has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does."). "A plain reading of the AEDPA compels the conclusion that COAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone." *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997).

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000). The Supreme Court has stated that:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This Court has carefully considered Smith's petition and concludes that, under clear, binding precedent, the petition is barred by the statute of limitations. The court concludes that jurists of reason could not find it debatable whether this Court is correct in its conclusion. This Court concludes that Smith is not entitled to a certificate of appealability.

## IV. Order

For the foregoing reasons, it is ORDERED as follows:

1. Petitioner Robert Lee Smith's Petition for Writ of Habeas Corpus (Doc. # 1) is DISMISSED AS TIME-BARRED; and

2. No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

SO ORDERED

_____
VANESSA GILMORE
UNITED STATES DISTRICT JUDGE

Houston, Texas
January 17, 2015